Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group, Inc.
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendants WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, and PAUL FRANCISCO.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF RAFAEL RAMIREZ LARA, deceased, by and through PATRICIA RAMIREZ; PATRICIA RAMIREZ; RAFAEL RAMIREZ; and JENNIFER RAMIREZ, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacity; JAMES BASS, in his individual and official capacity; JOHNATHAN THORNBURG, in his individual and official capacity; RAY TONGOL, in his individual and official capacity; J. TEJEDA, in his individual and official capacity; WELLPATH; KIP HALLMAN; JORGE DOMINICIS; THOMAS PANGBURN; PAUL FRANCISCO, and DOES 1 and 2, <br><br> Defendants. | Case No.: 4:21-cv-02409-PJH <br><br> **DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** <br><br><br><br><br><br><br><br><br><br><br><br> Action Filed: April 2, 2021 <br> Judge: Hon. Phyllis J. Hamilton <br> Ctrm: 3 – 3rd Floor |

**4:21-cv-02409-PJH**

- 1 -
**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

COMES NOW, Defendants WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, and PAUL FRANCISCO, in response to Plaintiff's Complaint, answers, alleges, and pleads as follows:

## INTRODUCTION

1.     Defendants admit Mr. Lara was incarcerated in the Monterey County Jail and died in jail.  Defendant can neither admit nor deny the remainder of allegations of paragraph 1 based on lack of information.

2.     Defendants admit there was a settlement agreement in the *Hernandez* case, deny the allegations of paragraph 2 as to themselves, and can neither admit nor deny the allegations of paragraph 2 as to any other defendants.

## JURISDICTION

3.     Defendants admit plaintiffs are seeking relief under the statutes and code sections cited.

4.     Defendants admit this Court has jurisdiction over this matter.

5.     Defendants admit this Court has supplemental jurisdiction over this matter.

## VENUE

6.     Defendants admit the venue in this Court is proper.

7.     Defendants admit Rule 3 of the FRCP and LR 3-2(e) authorizes assignments to this division because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the counties served by this division.

## PARTIES

8.     Defendants admit Mr. Lara was incarcerated from September 1, 2019 and died in jail on December 22, 2018.  Defendants can neither admit nor deny the remainder of allegations of paragraph 8 based on lack of information.

9.     Defendants can neither admit nor deny the allegations of paragraph 9 based on lack of information.

///

**4:21-cv-02409-PJH**

- 2 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

10.    Defendants can neither admit nor deny the allegations of paragraph 10 based on lack of information.

11.    Defendants can neither admit nor deny the allegations of paragraph 11 based on lack of information.

12.    Defendants admit Monterey County is a public entity in the State of California and Monterey County Sheriff's Office operates the Monterey County Jail. Defendants can neither admit nor deny the allegations of paragraph 12 based on lack of information.

13.    Defendants admit Steve Bernal is or was the Sheriff of the County of Monterey and can neither admit nor deny the allegations of paragraph 13 based on lack of information.

14.    Defendants admit James Bass is or was the Chief Deputy with the Monterey County Sheriff's Office and can neither admit nor deny the allegations of paragraph 14 based on lack of information.

15.    Defendants admit John Thornburg is or was the Chief Deputy of the Monterey County Sheriff's Office and can neither admit nor deny the allegations of paragraph 15 based on lack of information.

16.    Defendants can neither admit nor deny the allegations of paragraph 16 based on lack of information.

17.    Defendants can neither admit nor deny the allegations of paragraph 17 based on lack of information.

18.    Defendants admit Wellpath is a corporation headquartered in Nashville TN. Defendants admit Monterey County contracted with Wellpath and CFMG to provide medical and mental healthcare in the Monterey County Jail. Defendants deny the remainder of the allegations of paragraph 18.

19.    Defendants admit Kip Hallman is or was the President of Wellpath. Defendants deny the remainder of allegations of paragraph 19.

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

20.    Defendants admit Jorge Dominicis is or was Chief Executive Officer of Wellpath. Defendants deny the remainder of allegations of paragraph 20.

21.    Defendants admit Thomas Pangburn is or was the Chief Clinical Officer for Wellpath.  Defendants deny the remainder of allegations of paragraph 21.

22.    Defendants admit  Dr. Francisco is a psychiatrist who is or was practicing psychiatry at the Monterey County Jail.  Defendants deny the remainder of the allegations of paragraph 22.

23.    Defendants can neither admit nor deny the allegations of paragraph 23 based on lack of information.

24.    Defendants can neither admit nor deny the allegations of paragraph 24 based on lack of information.

25.    Defendants deny the allegations of paragraph 25.

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES
## FOR STATE LAW CLAIMS

26.    Defendants can neither admit nor deny the allegations of paragraph 26 based on lack of information.

## FACTUAL ALLEGATIONS

**I.     Defendants' Longstanding Failure to Provide Adequate Health Care at Monterey County Jail**

27.    Defendants deny the allegations of paragraph 27 as to themselves and can neither admit nor deny the remainder of the allegations of paragraph 27 as to any other defendants based on lack of information.

28.    Defendants can neither admit nor deny the allegations of paragraph 28 based on lack of information.

29.    Defendants deny the allegations of paragraph 29 as to themselves and can neither admit nor deny the remainder of the allegations of paragraph 29 as to any other defendants based on lack of information.

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

30.     Defendants deny the allegations of paragraph 30 as to themselves and can neither admit nor deny the remainder of the allegations of paragraph 30 as to any other defendants based on lack of information.

31.     Defendants admit a preliminary injunction was issued by the Northern District Court in the *Hernandez* case, and ordered a remedial plan.  Defendants deny the remainder of allegations of paragraph 31.

32.     Defendants admit the parties in the *Hernandez* case filed a settlement agreement which required creation of Implementation Plans for improvements to certain aspects of the jail's custody and healthcare systems.

33.     Defendants admit CFMG and Monterey County submitted Implementation Plans including various revisions to policies and procedures related to certain aspects of the jail's custody and healthcare systems.

34.     Defendants admit the allegations of paragraph 34.

35.     Defendants admit the *Hernandez* case remains ongoing.  Defendants deny the remainder of allegations of paragraph 35.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37 as to themselves and can neither admit nor deny the remainder of the allegations of paragraph 37 as to any other defendants based on lack of information.

**II.    Defendants' Knowledge of Mr. Lara's Serious Health and Language Interpretation Needs**

38.     Defendants admit Mr. Larea was incarcerated several timers between April 2018 and December 2019.

39.     Defendants admit Mr. Lara was provided a Spanish Translator while incarcerated.

40.     Defendants can neither admit nor deny the allegations of paragraph 40 based on lack of information.

**4:21-cv-02409-PJH**

- 5 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

41.     Defendants can neither admit nor deny the allegations of paragraph 41 based on lack of information.

42.     Defendants admit on July 20, 2018, nursing staff requested that Mr. Lara be seen immediately as he reported during the clinic visit and to transport deputies that he planned to kill himself by any means needed. The patient stated that he planned to grab a deputy's gun and shoot himself, and per transport made several movements as if attempting to do so while in their custody. Defendant can neither admit nor deny the allegations of paragraph 42 based on lack of information.

43.     Defendants can neither admit nor deny the allegations of paragraph 43 based on lack of information.

44.     Defendants can neither admit nor deny the allegations of paragraph 44 based on lack of information.

45.     Defendants can neither admit nor deny the allegations of paragraph 45 based on lack of information.

46.     Defendants can neither admit nor deny the allegations of paragraph 46 based on lack of information.

47.     Defendants deny the allegations of paragraph 47.

48.     Defendants can neither admit nor deny the allegations of paragraph 48 based on lack of information.

49.     Defendants can neither admit nor deny the allegations of paragraph 49 based on lack of information.

50.     Defendants admit Mr. Lara was seen by on September 5, 2019l. Defendants can neither admit nor deny the remainder of allegations of paragraph 50 based on lack of information.

51.     Defendants admit Mr. Lara was seen by on September 12, 2019 and can neither admit nor deny the remainder of allegations of paragraph 51 based on lack of information.

4:21-cv-02409-PJH

- 6 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

52.     Defendants admit Mr. Lara was seen on subsequent occasions in October 2019 and can neither admit nor deny the allegations of paragraph 52 based on lack of information.

53.     Defendants admit Mr. Lara was seen on subsequent occasions in October 2019 and can neither admit nor deny the allegations of paragraph 53 based on lack of information.

54.     Defendants admit Mr. Lara was taken to the infirmary of the Monterey County Jail and then sent to Natividad with blood all over his face and clothing. Defendants can neither admit nor deny the remainder of allegations of paragraph 54 based on lack of information.

55.     Defendants can neither admit nor deny the allegations of paragraph 55 based on lack of information.

56.     Defendants can neither admit nor deny the allegations of paragraph 56 based on lack of information.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants can neither admit nor deny the allegations of paragraph 58 based on lack of information.

59.     Defendants can neither admit nor deny the allegations of paragraph 59 based on lack of information.

60.     Defendants admit Mr. Lara was seen on December 1, 2019 and can neither admit nor deny the remainder of allegations of paragraph 60 based on lack of information.

61.     Defendants admit Mr. Lara declined to see Dr. Francisco on December 2, 2019.  Defendants can neither admit nor deny the remainder of allegations of paragraph 61 based on lack of information.

62.     Defendants can neither admit nor deny the allegations of paragraph 62 based on lack of information.

4:21-cv-02409-PJH

- 7 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

### III.    Mr. Lara's Death on December 22, 2019

63.    Defendants can neither admit nor deny the allegations of paragraph 63 based on lack of information.

64.    Defendants can neither admit nor deny the allegations of paragraph 64 based on lack of information.

65.    Defendants can neither admit nor deny the allegations of paragraph 65 based on lack of information.

66.    Defendants admit a mandown was called for Mr. Lara for emergency response on December 22, 2019 and he was transferred to Natividad Medical Center and died on December 22, 2019.  Defendants can neither admit nor deny the remainder of allegations of paragraph 66 based on lack of information.

67.    Defendants admit a postmortem examination was conducted and a report was created by the medical examiner.  Defendants can neither admit nor deny the remainder of allegations of paragraph 67 based on lack of information.

68.    Defendants deny the allegations of paragraph 68 as to themselves and can neither admit nor deny the remainder of the allegations of paragraph 68 as to any other defendants based on lack of information.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical Needs in**

**Violation of the Fourteenth and Eighth Amendments to the Constitution of the**

**United States (Survival Action – 42 U.S.C. § 1983)**

**(Plaintiff Estate Against All Defendants)**

69.    In response to the allegations of paragraph 69, defendants admit, deny, and/or neither admit nor deny the allegations as set forth in the relevant paragraphs above.

///

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

70.     Defendants admit plaintiffs are bringing this action based on the statutes cited and admit Mr. Lara was incarcerated in the Monterey County Jail from September 1, 2019 through December 22, 2019.  Defendants can neither admit nor deny the remainder of allegations of paragraph 70 based on lack of information.

71.     Defendants deny the allegations of paragraph 71 as to themselves, and can neither admit nor deny the allegations of paragraph 71 as to any other defendants.

72.     Defendants deny the allegations of paragraph 72 as to themselves, and can neither admit nor deny the allegations of paragraph 72 as to any other defendants.

73.     Defendants deny the allegations of paragraph 73 as to themselves, and can neither admit nor deny the allegations of paragraph 73 as to any other defendants.

74.     Defendants deny the allegations of paragraph 74 as to themselves, and can neither admit nor deny the allegations of paragraph 74 as to any other defendants.

75.     Defendants deny the allegations of paragraph 75 as to themselves, and can neither admit nor deny the allegations of paragraph 75 as to any other defendants.

76.     Defendants deny the allegations of paragraph 76 as to themselves, and can neither admit nor deny the allegations of paragraph 76 as to any other defendants.

77.     Defendants deny the allegations of paragraph 77 as to themselves, and can neither admit nor deny the allegations of paragraph 77 as to any other defendants.

78.     Defendants deny the allegations of paragraph 78 as to themselves, and can neither admit nor deny the allegations of paragraph 78 as to any other defendants.

79.     Defendants deny the allegations of paragraph 79 as to themselves, and can neither admit nor deny the allegations of paragraph 79 as to any other defendants.

80.     Defendants deny the allegations of paragraph 80 as to themselves, and can neither admit nor deny the allegations of paragraph 80 as to any other defendants.

81.     Defendants deny the allegations of paragraph 81 as to themselves, and can neither admit nor deny the allegations of paragraph 81 as to any other defendants.

///

4:21-cv-02409-PJH

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

82. Defendants deny the allegations of paragraph 82 as to themselves, and can neither admit nor deny the allegations of paragraph 82 as to any other defendants.

83. Defendants deny the allegations of paragraph 83 as to themselves, and can neither admit nor deny the allegations of paragraph 83 as to any other defendants.

### SECOND CLAIM FOR RELIEF

**Failure to Protect from Harm in Violation of the Fourteenth and Eighth Amendments to the Constitution of the United States**

**(Survival Action – 42 U.S.C. § 1983)**

**(Plaintiff Estate Against All Defendants)**

84. In response to the allegations of paragraph 84, defendants admit, deny, and/or neither admit nor deny the allegations as set forth in the relevant paragraphs above.

85. Defendants admit plaintiffs are bringing this action based on the statutes cited and admit Mr. Lara was incarcerated in the Monterey County Jail from September 1, 2019 through December 22, 2019.  Defendants can neither admit nor deny the remainder of allegations of paragraph 85 based on lack of information

86. Defendants deny the allegations of paragraph 86 as to themselves, and can neither admit nor deny the allegations of paragraph 86 as to any other defendants.

87. Defendants deny the allegations of paragraph 87 as to themselves, and can neither admit nor deny the allegations of paragraph 87 as to any other defendants.

88. Defendants deny the allegations of paragraph 88 as to themselves, and can neither admit nor deny the allegations of paragraph 88 as to any other defendants.

89. Defendants deny the allegations of paragraph 89 as to themselves, and can neither admit nor deny the allegations of paragraph 89 as to any other defendants.

90. Defendants deny the allegations of paragraph 90 as to themselves, and can neither admit nor deny the allegations of paragraph 90 as to any other defendants.

///

4:21-cv-02409-PJH

- 10 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

91. Defendants deny the allegations of paragraph 91 as to themselves, and can neither admit nor deny the allegations of paragraph 91 as to any other defendants.

## THIRD CLAIM FOR RELIEF

**Deprivation of Substantive Due Process Rights in Violation of First and Fourteenth Amendments to the Constitution of the United States –Loss of Parent/Child Relationship (42 U.S.C. § 1983)**

**(Plaintiffs Patricia Ramirez, Rafael Ramirez, and Jennifer Ramirez Against all Defendants)**

92.    In response to the allegations of paragraph 92, defendants admit, deny, and/or neither admit nor deny the allegations as set forth in the relevant paragraphs above.

93.    Defendants deny the allegations of paragraph 93 as to themselves, and can neither admit nor deny the allegations of paragraph 93 as to any other defendants.

94.    Defendants deny the allegations of paragraph 94 as to themselves, and can neither admit nor deny the allegations of paragraph 94 as to any other defendants.

## FOURTH CLAIM FOR RELIEF

**Wrongful Death – California Code Civ. Proc. § 377.60**

**(All Plaintiffs Against All Defendants)**

95.    In response to the allegations of paragraph 95, defendants admit, deny, and/or neither admit nor deny the allegations as set forth in the relevant paragraphs above.

96.    Defendants deny the allegations of paragraph 96 as to themselves, and can neither admit nor deny the allegations of paragraph 96 as to any other defendants.

97.    Defendants deny the allegations of paragraph 97 as to themselves, and can neither admit nor deny the allegations of paragraph 97 as to any other defendants.

98.    Defendants deny the allegations of paragraph 98 as to themselves, and can neither admit nor deny the allegations of paragraph 98 as to any other defendants.

4:21-cv-02409-PJH

- 11 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

99.    Defendants deny the allegations of paragraph 99 as to themselves, and can neither admit nor deny the allegations of paragraph 99 as to any other defendants.

100.    Defendants deny the allegations of paragraph 100 as to themselves, and can neither admit nor deny the allegations of paragraph 100 as to any other defendants.

## PRAYER FOR RELIEF

In response to the allegations of paragraphs 1 through 9 of plaintiffs' prayer for Relief in their Complaint, Defendants deny all prior allegations and thereby deny that plaintiffs are entitled to the relief sought or any relief as alleged or at all.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As and for first affirmative defense, defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendants are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

As and for second and separate affirmative defense, defendants allege that plaintiffs have failed to allege and/or have not stated facts sufficient to show an affirmative link between these answering defendants and the acts which allegedly caused plaintiffs injuries in alleged violation plaintiffs' rights.

## THIRD AFFIRMATIVE DEFENSE

As and for third and separate affirmative defense, defendants allege that pursuant to *Government Code* §815, these answering defendants are not liable for any injury, except as otherwise provided by statute.

## FOURTH AFFIRMATIVE DEFENSE

As and for fourth and separate affirmative defense, defendants allege that these answering defendants are immune from liability pursuant to *Government Code* §820.4.

///

///

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH AFFIRMATIVE DEFENSE

As and for fifth and separate affirmative defense, defendants allege on information and belief that persons or entities other than these answering defendants were responsible for the damages, if any there were which defendants deny, alleged by plaintiffs. It was this fault or negligence of third parties, and not any act or acts of these answering defendants, which proximately contributed to the damages, if any, suffered by plaintiffs. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

As and for sixth and separate affirmative defense, defendants allege that plaintiffs' action are barred by all applicable *Government Code* immunities including, but not limited to §§ 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

### SEVENTH AFFIRMATIVE DEFENSE

As and for seventh and separate affirmative defense, defendants allege they are entitled to immunities provided by the *California Business & Professions Code* §2395, 2396 and 2397.

### EIGHTH AFFIRMATIVE DEFENSE

As and for eighth and separate affirmative defense, defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and *Civil Code* §43.55.

### NINTH AFFIRMATIVE DEFENSE

As and for ninth and separate affirmative defense, all the while denying that plaintiffs have any constitutional claim or right as alleged or at all, further deny that any act or failure to act as alleged or otherwise in contravention of plaintiffs' civil rights occurred, these answering defendants assert that all actions or decisions not to act by these defendants were performed in good faith and without malice and without realization

**4:21-cv-02409-PJH**

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

or recognition that such conduct would violate any rights of plaintiffs, if in fact plaintiffs' rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, these answering defendants are immune from claims that they violated plaintiffs' alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

### TENTH AFFIRMATIVE DEFENSE

As and for tenth and separate affirmative defense, defendants allege that plaintiffs have failed to comply with the *Code of Civil Procedure* §425.13(a) with respect to their alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for eleventh affirmative defense, defendants allege the Complaint fails to state a claim of liability against defendants, pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658.

### TWELFTH AFFIRMATIVE DEFENSE

As and for twelfth affirmative defense, to the extent the Complaint herein seeks punitive damages, it violates defendants' right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendants' rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendants' rights to substantive due process as provided in the Fifth and Fourteenth

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

Amendments to the United States Constitution and the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for thirteenth and separate affirmative defense, defendants allege that defendants did not deliberately indifferently adopt, ratify or enforce any custom, practice or policy which deprived the plaintiffs of any federally protected constitutional rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for fourteenth and separate affirmative defense, defendants allege that plaintiffs did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained by plaintiffs were directly and proximately caused and contributed to by the negligence of said plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for fifteenth and separate affirmative defense, defendants allege that the Complaint on file herein fails to state facts sufficient to constitute a cause of action against these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for sixteenth and separate affirmative defense, defendants allege that plaintiffs acted with full knowledge of all the facts and circumstances surrounding plaintiffs' injuries, and that said matters of which plaintiffs assumed the risk proximately contributed to and proximately caused plaintiffs' injuries, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for seventeenth and separate affirmative defense, defendants allege that damages for alleged attorney's fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that decedent was an inmate during the times of the events alleged as misconduct in this lawsuit.

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for eighteenth and separate affirmative defense, defendants allege that plaintiffs' claims are barred by the doctrines of qualified and sovereign immunities.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for nineteenth affirmative defense, defendants allege plaintiffs have waived any and all claims they may have or have had against defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for twentieth affirmative defense, defendants allege plaintiffs' claims are barred by *California Government Code* §820.2 which provides immunity for discretionary acts of public employees and by *California Government Code* §815.2(b) which bars liability against a public entity from injuries arising from alleged acts or omissions of an employee of the public entity where the employee is immune from liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for twenty-first affirmative defense, defendants allege plaintiffs have engaged in conduct with respect to the activities which are the subject of the Complaint and by reason of said activities and conduct, plaintiffs are stopped from asserting any claim of damages or seeking any other relief against defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for twenty-second affirmative defense, defendants allege that at all times within the Complaint, defendants acted in good faith, without malice and within their respective scope of the duties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for twenty-third affirmative defense, defendants allege that by virtue of plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, plaintiffs should be barred from recovering against defendants by the Equitable Doctrine of Unclean Hands.

4:21-cv-02409-PJH

- 16 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for twenty-fourth affirmative defense, defendants allege that plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures which might reasonably have been made, and, therefore, plaintiffs' recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for twenty-fifth affirmative defense, defendants allege it is not liable for any alleged acts or omissions of its independent contractors, pursuant to *Government Code* §815.4.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for twenty-sixth affirmative defense, defendants allege the injuries and damages of which plaintiffs complain, if any there be, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring plaintiffs from recovery against defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for twenty-seventh affirmative defense, defendants allege *Government Code* §818 bars any award of punitive damages sought to be assessed against defendants.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

As and for twenty-eighth and separate affirmative defense, defendants allege that the action is barred by the appropriate statute of limitations, as set forth in *Code of Civil Procedure* §§340, 340.5, et seq.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for a twenty-ninth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be negligent, which is expressly

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

herein denied, these defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiffs pursuant to *California Civil Code* §3333.1.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a health care provider, defendants are entitled to submit evidence of payments to plaintiffs by collateral sources.

### THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified in *California Civil Code* §3333.2.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, plaintiffs' cause of action are governed by *California Civil Code* §3333.2, which limits plaintiffs' recovery of non-economic damages to $250,000.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As and for a thirty-first and separate affirmative defense, that in the event these answering defendants are found to be negligent, which is expressly herein denied, these defendants may elect to have future damages, if in excess of the amount specified in *California Code of Civil Procedure* §667.7, paid in whole or in part as specified in *Code of Civil Procedure* §667.7.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, defendants are entitled to the provisions of *California Code of Civil Procedure* §667.7.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second and separate affirmative defense, defendants are informed and believe and based thereon allege that they are entitled to set offs for any recovery by Plaintiffs received from any source, for the damages and costs alleged in the Complaint herein.

///

**4:21-cv-02409-PJH**

- 18 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As and for a thirty-third affirmative defense, defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available.  Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Respectfully submitted,

Dated: June 3, 2021                    BERTLING LAW GROUP

*/s/  Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendants
WELLPATH, KIP HALLMAN, JORGE
DOMINICIS, THOMAS PANGBURN, and
PAUL FRANCISCO

## DEMAND FOR JURY TRIAL

Defendants WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, and PAUL FRANCISCO hereby demand a jury trial of this matter.

Respectfully submitted,

Dated: June 3, 2021                    BERTLING LAW GROUP

*/s/  Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendants
WELLPATH, KIP HALLMAN, JORGE
DOMINICIS, THOMAS PANGBURN, and
PAUL FRANCISCO

4:21-cv-02409-PJH

- 19 -

**DEFENDANTS WELLPATH, KIP HALLMAN, JORGE DOMINICIS, THOMAS PANGBURN, AND PAUL FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**