UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RAFAEL RAMIREZ LARA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY, et al., <br><br> Defendants. | Case No. 21-cv-02409-PJH <br><br> **ORDER RE: JOINT DISCOVERY LETTER DATED OCTOBER 25, 2021** <br><br> Re: Dkt. No. 40 |

Before the court is the October 25, 2021, joint discovery letter filed by plaintiff Estate of Rafael Ramirez Lara and the five Wellpath defendants. The letter follows defendants' delayed production of documents responsive to written discovery requests, as well as a meet and confer exchange in which defendants failed to produce documents or specify when they would be forthcoming. Plaintiff Estate now seeks to compel responses to its requests for production of documents.

**I.    Background**

Plaintiffs bring this lawsuit against defendants based on the death of Rafael Ramirez Lara. Mr. Lara died while incarcerated at the Monterey County Jail. Defendant Wellpath, a provider of mental health care services in the jail, allegedly failed to adequately treat Mr. Lara's mental health condition, leading to his death.

The court held a case management conference on July 15, 2021, and thereafter set a pre-trial schedule on July 19. Dkt. 35. That schedule sets the close of non-expert discovery on January 31, 2022.

**II.     The Present Dispute**

Plaintiff Estate served its first set of requests for production of documents ("RFPs") to Defendant Wellpath on August 13, 2021, followed by first sets of RFPs to defendants Kip Hallman, Jorge Dominicis, Thomas Pangburn, and Paul Francisco, respectively, on August 26, 2021. Following the grant of an extension for the Wellpath responses, all Wellpath defendants' responses were due September 27, 2021.

On September 27, 2021, defendants sent written responses and objections to all requests for production, but they did not produce documents. Plaintiff notes that some responses provide no information about whether defendants would produce documents, while other responses stated that responsive documents would be produced on October 18, 2021.

Plaintiff's counsel initiated a first meet-and-confer to discuss the responses on September 29, 2021. The parties held a second, lengthy meet-and-confer via video conference on October 6, 2021, in which defendants' counsel agreed to produce a privilege log as well as responsive documents by October 18, 2021. Only one document, responsive to multiple requests, has been produced to date.

**III.    Discussion**

The Federal Rules of Civil Procedure require a party to provide a written response to a request for production of documents within 30 days after being served, but the parties may agree to a shorter or longer time. Fed. R. Civ. P. 24(b)(2)(A).

Here, plaintiff agreed to an extension of the deadline for defendants' responses to the requests for production. The parties have resolved issues regarding the scope of plaintiff's requests for production of documents, and defendants have offered to produce the voluminous material on a rolling basis. However, a commitment regarding the timing of defendants' production is still missing.

Therefore, the court ORDERS that defendants prepare a schedule for the "rolling production" to fairly provide plaintiff with a timeline so it may efficiently litigate its case. The proposed timeline for production of documents must be filed with the court and

1  served on plaintiff's counsel by the close of business on October 29, 2021.  The first
2  batch of production must occur within 14 days of the date of this order.
3  **IT IS SO ORDERED.**
4  Dated: October 26, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge