UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RAFAEL RAMIREZ LARA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br>Defendants. | Case No. 21-cv-02409-PJH<br><br>**ORDER RE: DISCOVERY LETTER BRIEF AND REFERENCE TO MAGISTRATE JUDGE**<br><br>Dkt. No. 50 |

Before the court is the parties' joint letter brief regarding a discovery dispute. Having read the letter filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Plaintiffs request documents generated and/or produced in another jail patient safety case, Hernandez v. County of Monterey et al., No. 13-cv-2354-BLF (N.D. Cal., filed May 23, 2013). On May 27, 2021, Judge Freeman granted plaintiffs' request for limited intervention to modify the Hernandez protective order to give the plaintiffs in this case access to the decedent Lara's medical and custody records, including any incident report or document relating to his death, that were produced in the Hernandez case. Hernandez, Dkt. 700 at 6.

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (internal citation omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Id. The Foltz case clearly

contradicts defendants' present arguments—the Hernandez protective order does not serve as an excuse to preclude discovery into Lara-specific materials here. Therefore, defendants are hereby ORDERED to produce all Lara-specific material immediately under the protective order in this case.

Pursuant to Local Rule 72-1, this matter is referred to Magistrate Judge Nathanael Cousins for a discovery conference on the parties' dispute regarding access to the systemic information sought by plaintiffs, including the disputed neutral monitor reports, assessments, audit reports, and corrective action plans.

If the parties are unable to reach consensus in the conference with Judge Cousins, then plaintiffs may file a motion to compel specifically setting forth each item at issue. See Civil L.R. 7, 37. Defendants may respond. Id. The Hernandez plaintiffs have made their position known already and are not to participate in this briefing unless specifically invited by the court.

**IT IS SO ORDERED.**

Dated: December 7, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

cc: MagRef, Assigned M/J, counsel of record

2