UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF RAFAEL RAMIREZ LARA, et al.,

  Plaintiffs,

  v.

COUNTY OF MONTEREY, et al.,

  Defendants.

Case No. 21-cv-02409-PJH

**ORDER**

Re: Dkt. No. 63

  Before the court is plaintiff's motion to enforce this court's December 7, 2021, discovery order and for sanctions. The matter is suitable for decision without oral argument. Accordingly, the hearing set for February 3, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

  On December 3, 2021, the parties filed a joint letter regarding their discovery dispute related to plaintiffs' requests for production of (1) documents related to reviews of Mr. Lara's death and (2) documents related to alleged systemic deficiencies that resulted in Mr. Lara's death. Dkt. 50 at 1. With respect to the first category of documents, County and Wellpath defendants objected to producing any documents from the case <u>Hernandez v. County of Monterey</u>, No. 13-cv 2354-BLF (N.D. Cal., filed May 23, 2013), and Wellpath Defendants additionally objected to producing morbidity and mortality reports for Mr. Lara as Patient Safety Work Product. <u>Id.</u> at 3-5. On December 7, 2021, the court ordered production as to the first category of documents, and the court referred the second category of documents to Magistrate Judge Cousins for a discovery conference. Dkt. 52.

Defendants produced some of the documents pursuant to the court's December 7th order. Dkt. 63-1 at ¶ 3. However, Wellpath withheld the Mortality and Morbidity Report related to Mr. Lara based on the Patient Safety Quality Improvement Act ("PSQIA"). Dkt. 66-1 at ¶ 10. This withholding was based on Wellpath counsel's belief "that the Order at ECF No. 52 did not address the PSQIA objections, and that this specific objection to the Mortality and Morbidity report would were [sic] to be separately conferred and briefed at a separate time." Dkt. 66-1 at ¶ 11.

Here, the court directed defendants "to produce all Lara-specific material immediately under the protective order in this case." Dkt. 52 at 2. Wellpath admits that it failed to comply with this order. Wellpath did not request clarification of the order. Wellpath did not file (and still has not filed) a motion for reconsideration of the court's order, as is permitted under the local rules. Civil L.R. 7-9. Wellpath simply withheld the materials that the court ordered it to produce. This was error.

Therefore, the court again ORDERS defendant Wellpath to produce to plaintiffs all Lara-specific material in their possession, custody, or control that was the subject of the court's order dated December 7, 2021. Production must be made in compliance with the protective order applicable to this case. Production must include any morbidity and mortality reports for Mr. Lara. The court overrules Wellpath's PSQIA objections. Wellpath must produce these materials within 48 hours of this order and file a declaration of counsel certifying its compliance.

Plaintiffs' motion for sanctions is DENIED without prejudice. As defendant notes, Civil Local Rule 7-8 requires "Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following: (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2." The request for sanctions is thus procedurally defective. But further, the court prefers to consider monetary sanctions at the conclusion of the litigation, when the parties' conduct can be viewed in sum. Plaintiffs may, however, still seek evidentiary and procedural relief in the interim, including seeking adverse evidentiary inferences, supplemental depositions, and

extensions of discovery deadlines.

**IT IS SO ORDERED.**

Dated: January 27, 2022

                                            */s/ Phyllis J. Hamilton*
                                            PHYLLIS J. HAMILTON
                                            United States District Judge