UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RAFAEL RAMIREZ LARA, and others,<br><br>Plaintiffs,<br><br>v.<br><br>MONTEREY COUNTY, WELLPATH, and others,<br><br>Defendants. | Case No. 21-cv-02409 PJH (NC)<br><br>**ORDER PROPOSING PARAMETERS FOR DISCOVERY DISPUTE REFERRED AT ECF 52** |

This case concerns the death of Rafael Ramirez Lara at Monterey County Jail on December 22, 2019. In an earlier order, District Court Judge Phyllis J. Hamilton ordered Defendants to "produce all Lara-specific material immediately under the protective order in this case." ECF 52 at p. 2.

Now presented to the Court is a discovery dispute in which the Lara Plaintiffs request access to the systemic information from an earlier settled class action against the same jail, *Hernandez v. Monterey County*, N.D. Cal. Case No. 13-cv-2354 BLF, including neutral monitor reports, assessments, audit reports, and corrective action plans. Judge Hamilton referred this discovery dispute to me with the objective of seeking consensus. ECF 52. I held a discovery conference on January 5, 2022. ECF 59. The parties did not reach agreement at the conference, so I asked them to file proposed orders that would help me to suggest areas of agreement. The proposed orders are filed at ECF 60 (Defendants); ECF 61 (*Hernandez* plaintiffs); and ECF 62 (*Lara* plaintiffs). The legal touchstone for the materials requested is whether they are relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Ninth Circuit "strongly favors access to discovery

materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (internal citation omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.*

Having considered the proposed orders, I recommend these parameters to resolve the "systemic information" discovery dispute:

1. Defendants are ordered to produce all non-privileged internal assessments, audit reports, corrective action plans, and neutral monitor reports, that were prepared between April 1, 2018, and December 22, 2019, [corresponding to time period within which Mr. Lara was incarcerated at MCJ] and that address the deficiencies alleged in Plaintiffs' FAC regarding Interpretation, Mental Health Screening During Intake, Continuation of Medications Begun Prior to Incarceration, and Monitoring. Responsive documents containing HIPAA-protected privacy information of persons other than Mr. Lara may be redacted. This documentation must be produced within 21 days of this Order and will be covered by the protections set forth in the *Lara* Protective Order (ECF No. 43 in Case No. 21-cv-02409-PJH). And,

2. Defendants are also ordered to serve a privilege log within 10 days of this Order to the extent they assert a privilege over any responsive documents subject to this Order.

The *Lara* parties are asked to file a response by February 7 at 5:00 p.m. indicating whether or not they would agree to this proposed discovery compromise. No additional argument is invited. If no consensus is reached, I will certify to Judge Hamilton that this collaborative effort has concluded.

**IT IS SO ORDERED.**

Dated: February 3, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2