Lori Rifkin, SBN 244081
RIFKIN LAW OFFICE
3630 High St. #18917
Oakland, CA 94619
Telephone: (510) 414-4132
Email: lrifkin@rifkinlawoffice.com
*Attorneys for Plaintiffs*

Susan K. Blitch, SBN 187761
Assistant County Counsel
Ellen S. Lyons, SBN 136011
Deputy County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, California 93901-2653
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email:  LyonsE@co.monterey.ca.us
*Attorneys for COUNTY OF MONTEREY Defendants*

Peter G. Bertling, SBN 131602
Jemma Parker Saunders, SBN 227962
Bertling Law Group, Inc.
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
Email: peter@bertlinglawgroup.com
       jemma@bertlinglawgroup.com
*Attorneys for WELLPATH Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ESTATE OF RAFAEL RAMIREZ LARA, deceased, by and through PATRICIA RAMIREZ; PATRICIA RAMIREZ; RAFAEL RAMIREZ; and JENNIFER RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacity; JAMES BASS, in his individual and official capacity; JOHNATHAN THORNBURG, in his individual and official capacity; RAY TONGOL, in his individual and official capacity; J. TEJEDA; WELLPATH; KIP HALLMAN; JORGE DOMINICIS; THOMAS PANGBURN; PAUL FRANCISCO; RAYMOND HERR and CHRISTINA KAUPP,<br><br>Defendants. | Case No.: 4:21-cv-02409-PJH<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: March 17, 2022<br>Time: 2:00 p.m. |

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

SUPPLEMENTAL JOINT CASE MANAGEMENT
STATEMENT

Plaintiffs ESTATE OF RAFAEL RAMIREZ LARA, deceased, by and through PATRICIA RAMIREZ; PATRICIA RAMIREZ; RAFAEL RAMIREZ; and JENNIFER RAMIREZ, and Defendants COUNTY OF MONTEREY; SHERIFF STEVE BERNAL, in his individual and official capacities; JAMES BASS, in his individual and official capacity; JOHNATHAN THORNBURG, in his individual and official capacity; RAY TONGOL, in his individual and official capacity; and J. TEJEDA, (collectively "County of Monterey Defendants"); and Defendants WELLPATH; KIP HALLMAN; JORGE DOMINICIS; THOMAS PANGBURN; PAUL FRANCISCO, RAYMOND HERR, and CHRISTINA KAUPP (collectively, "Wellpath Defendants"), hereby submit this Supplemental Joint Case Management Statement pursuant to Civil Local Rule 16-10(d), reporting progress or changes since the last Joint Case Management Statement was filed on July 8, 2021, ECF No. 32, and making proposals for the remainder of the case development process.

**1. Jurisdiction and Service::**

No changes since prior Case Management Statement.

**2. Facts:**

No changes since prior Case Management Statement.

**3. Legal Issues:**

No changes since prior Case Management Statement.

**4. Motions:**

***a. Prior Motions:***

On April 2, 2021, as required by Local Rule 3-12(b), Plaintiffs moved the Court in *Hernandez v. County of Monterey*, No. 13-cv-2354-BLF (N.D. Cal. filed May 23, 2013) to consider whether this action should related to that case. *Hernandez* ECF No. 686. The Court found the cases not to be related. *Hernandez* ECF No. 687.

On April 30, 2021, Plaintiffs moved to intervene in the *Hernandez* litigation for the limited purpose of clarifying or modifying the protective order in that case to permit *Lara* Plaintiffs access to documents relating to Mr. Lara's incarceration and death at the Jail that had been produced to *Hernandez* class counsel as part of that case. *Hernandez* ECF No. 693. Mr. Lara was a member of the *Hernandez* class at the time of his death, and the County of Monterey produced records relating to Mr.

Lara *Hernandez* class counsel. *See id.* However, the County of Monterey refused to produce those records to *Lara* Plaintiffs in response to a California Public Records Act request, and *Hernandez* class counsel maintained that the protective order in that case did not permit them to share the records with Mr. Lara's Estate and heirs. *Id.* The County and Wellpath (formerly CFMG) opposed *Lara* Plaintiffs' motion. *Hernandez* ECF Nos. 697 & 698. The *Hernandez* Court granted *Lara* Plaintiffs' motion for limited intervention and modification of the protective order to permit *Lara* Plaintiffs access to those records relating to Mr. Lara that had been produced to *Hernandez* class counsel. *Hernandez* ECF No. 700. However, the Court noted that the discovery of documents in the *Lara* case was not determined by the ruling on the motion for limited intervention.

On June 3, 2021, Plaintiffs requested that the Court enter default in this matter against Defendants Wellpath, Paul Francisco, Thomas Pangburn, Kip Hallman, and Jorge Dominicis (Wellpath Defendants) because they failed to appear or otherwise respond to the complaint with the time prescribed by the Federal Rules of Civil Procedure. ECF No. 25. Wellpath Defendants then filed an answer to the complaint, ECF No. 26, and the Clerk of the Court declined to enter default. ECF No. 28.

On October 25, 2021, Plaintiffs and Wellpath Defendants submitted a joint letter to the Court regarding their discovery dispute as to Wellpath Defendants' production of documents responsive to Plaintiffs' August 2021 Requests for Production. ECF No. 40. On October 26, 2021, the Court ordered Wellpath Defendants to submit a schedule for production and file it with the Court, and begin production within 14 days of the Court's order. ECF No. 41.

On December 3, 2021, the parties submitted a joint letter to the Court regarding their discovery dispute as to production of two categories of documents: (1) materials related to reviews of the death of Mr. Lara, and (2) materials related to the *Hernandez* litigation that are responsive to discovery requests in the instant litigation concerning systemic information about Jail policies, procedures, practices, and deaths, including but not limited to neutral monitor reports, assessments, audit reports and corrective action plans. ECF No. 50. On December 7, 2021, the Court ordered Defendants to produce all Lara-specific material immediately, and referred the dispute regarding the second category of documents to Magistrate Judge Cousins for a discovery conference to determine if a consensus could be reached. ECF No. 52. Magistrate Judge Cousins held a discovery conference on January 5, 2022, and ordered

the parties to submit proposed orders regarding the dispute. ECF No. 54. The parties submitted such proposed orders on January 7, 2022. ECF Nos. 60-62. On February 3, 2022, the Magistrate Judge proposed parameters for a discovery compromise and ordered the parties to respond as to whether they agreed with the compromise. ECF No. 69. On February 7, 2022, County of Monterey Defendants and Wellpath Defendants filed their joint notice agreeing to the Magistrate Judge's Order proposing parameters for the discovery dispute. ECF No. 70. Plaintiffs filed a notice that they did not agree to the proposed parameters. ECF No. 71. On February 8, 2022, the Magistrate Judge reported to the Court that consensus was not reached on this issue. ECF No. 72.

On January 7, 2022, Plaintiffs moved for enforcement of the Court's December 7, 2021 discovery order and for sanctions as to Wellpath Defendants regarding non-production of Lara-specific material at issue in the prior order. ECF No. 63. Wellpath Defendants filed their opposition to Plaintiffs' motion on January 21, 2022. ECF No. 66. On January 27, 2022, the Court ordered Wellpath to produce all Lara-specific material within 48 hours of its order, and denied Plaintiffs' motion for sanctions. ECF No. 67.

***b. Pending Motions:***

There are no pending motions other than the parties' request to amend the current case schedule. ECF No. 74.

***c. Anticipated Motions:***

Plaintiffs anticipate filing a motion to compel regarding the unresolved dispute as to production of materials related to the *Hernandez* litigation that are responsive to discovery requests in the instant litigation concerning systemic information about Jail policies, procedures, practices, and deaths, including but not limited to neutral monitor reports, assessments, audit reports, and corrective action plans. *See* ECF Nos. 52 & 72.

The parties anticipate filing motions *in limine* and discovery motions as necessary. Plaintiffs and Defendants may file motions for summary judgment or partial summary judgment.

**5. <u>Amendment of Pleadings:</u>**

Plaintiffs filed an Amended Complaint on November 2, 2021 substituting the true names of Defendants originally named as two Doe Defendants. ECF No. 48. The parties do not anticipate other

additional parties, claims or defenses unless new evidence warranting amendment is revealed during discovery.

**6. Evidence Preservation:**

No changes since prior Case Management Statement.

**7. Disclosures:**

The parties served initial disclosures on July 7, 2021.

**8. Discovery:**

***a. Discovery Taken to Date:***

Production of Documents: Plaintiffs served First Sets of Requests for Production of Documents on all County Defendants and all Wellpath Defendants in August 2021. County Defendants began producing non-ESI documents on September 29, 2021 and have continued to produce non-ESI documents in supplemental productions. Wellpath Defendants began producing non-ESI documents on November 9, 2021 and have continued to produce non-ESI documents in supplemental productions. There are outstanding issues regarding these documents on which the parties continue to meet and confer.

The parties met and conferred regarding ESI search terms and custodians responsive to Plaintiffs' First Sets of Requests for Production. Plaintiffs and County Defendants agreed upon these parameters as of December 3, 2021, and Plaintiffs and Wellpath Defendants agreed upon these parameters as of December 14, 2021. In response to Plaintiffs' requests, Defendants have proffered various "dates certain" by which ESI production would be begun and completed. However these dates have all passed and, County and Wellpath Defendants have not produced any ESI documents responsive to Plaintiffs' First Sets of Request for Production, nor provided reliable dates certain by which such production will be done.

Plaintiffs served a Second Set of Requests for Production of Documents on the County of Monterey on January 27, 2022, and the County responded on February 28, 2022 and March 7, 2022.

Interrogatories: Plaintiffs propounded Interrogatories on the County of Monterey and Wellpath in August 2021. The County and Wellpath duly responded.

Inspection: Plaintiffs conducted a Rule 34 inspection of the Monterey County Jail on January 3,

2022.

Depositions: Defendants completed the depositions of Plaintiffs on February 18 and February 25, 2022.

Plaintiffs took a 30(b)(6) deposition of Wellpath on February 22, 2022.

Plaintiffs noticed a 30(b)(6) deposition of the County of Monterey for January 28, 2022, but the County stated its representative(s) were not available on that date and did not answer Plaintiffs' request to provide alternative dates in the same time period. Plaintiffs then served an amended 30(b)(6) deposition notice of the County of Monterey for March 1, 2022, but the County again stated its representative(s) were not available and, to date, has declined to provide or confirm alternative dates.

Because Defendants have not yet produced any ESI discovery, including e-mails and/or other communications of the individual Defendants, Plaintiffs have not yet scheduled any depositions of individual Defendants or other witnesses.

***b. Scope of Anticipated Discovery:***

Plaintiffs anticipate deposing the individual Defendants as well as other relevant witnesses whose knowledge and impressions will shed light on the events that are the subject matter of this litigation based on the documents and information produced by Defendants in discovery.

The parties also anticipate propounding additional interrogatories, requests for production of documents, and requests for admission.

Plaintiffs plan to move to compel regarding the unresolved dispute as to production of materials related to the *Hernandez* litigation that are responsive to discovery requests in the instant litigation concerning systemic information about Jail policies, procedures, practices, and deaths, including but not limited to neutral monitor reports, assessments, audit reports, and corrective action plans. *See* ECF No. 52.

***c. Limitations or Modifications of the Discovery Rules:***

The Court entered the parties' stipulated protective order on October 28, 2021. ECF No. 43.

In order to ensure that this litigation moves forward and will not require further extension, and to enable Plaintiffs to reliably move forward with noticing depositions, Plaintiffs request that this Court (1) set intermediary discovery deadlines for the complete production of ESI discovery; (2) require the

parties to confirm availability for deposition or provide at least 2 alternative dates of availability within 7 days of receiving any notice of deposition.

***d. Stipulated E-Discovery Order:***

The parties did not file a joint e-discovery stipulation.

***e. Proposed Discovery Plan:***

The parties' proposed amended schedule for completing discovery in this case is set forth in Section 17. Plaintiffs propose that the Court impose additional discovery deadlines as set forth in subsection (c) above.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

No changes since prior Case Management Statement.

**11. Relief:**

No changes since prior Case Management Statement.

**12. Settlement and ADR:**

The parties originally requested that this Court refer them to a magistrate judge for settlement discussions to occur on or after November 15, 202, in order to allow time for significant discovery prior to settlement discussions. The Court referred the parties to Magistrate Judge Ryu and a settlement conference was originally scheduled for November 22, 2021. ECF No. 37. The settlement conference was then rescheduled for January 31, 2022. ECF No. 39. Following the parties' first request for amendment of the case management schedule, the settlement conference was re-set for March 28, 2022. ECF No. 65.

The parties believe that further discovery is needed in order to facilitate meaningful settlement discussions and as such, will be filing a joint stipulation and request for continuance of the settlement conference.

**13. Consent to Magistrate Judge for all Purposes:**

The parties did not consent to a magistrate judge for all purposes.

/ / /

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

At this point in time, the parties are not aware of any issues that can be narrowed by agreement or by motion at trial.

**16. Expedited Trial Procedure:**

This case is not suitable for the Expedited Trial Procedure outlined in General Order No. 64, Attachment A.

**17. Scheduling:**

As set forth in the parties' Joint Motion to Modify Case Management and Pretrial Order, ECF No. 74, the parties agree that the current case management schedule should be amended.

The parties jointly propose the following changes to the current Case Management Schedule:

| | Current Deadline (ECF 53) | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery Cutoff | 3/31/22 | 7/29/22 |
| Disclosure of Experts | 4/29/22 | 9/2/22 |
| Disclosure of Rebuttal Experts | 5/27/22 | 9/30/22 |
| Expert Discovery Cutoff | 7/15/22 | 11/18/22 |
| Dispositive Motion Hearing | 9/29/22 | 10/27/22 |
| Pretrial Conference Date | 1/26/23 | 1/26/23 |
| Trial Date | 2/27/23 | 2/27/23 |

**18. Trial:**

Plaintiffs and Defendants anticipate a seven (7) day jury trial.

**19. Disclosure of Non-party Interested Entities or Persons:**

No changes since prior Case Management Statement.

**20. Professional Conduct:**

All parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully Submitted,

Dated: March 10, 2022     RIFKIN LAW OFFICE

By:   */s Lori Rifkin*
     Lori Rifkin
     Attorneys for Plaintiffs

Dated: March 10, 2022     COUNTY OF MONTEREY COUNTY COUNSEL

By:   */s/ Ellen S. Lyons*
     Ellen S. Lyons, Deputy County Counsel
     Attorneys for COUNTY OF MONTEREY
     Defendants

Dated: March 10, 2022     BERTLING LAW GROUP

By:   */s/ Jemma Parker Saunders*
     Peter G. Bertling
     Jemma Parker Saunders
     Attorneys for WELLPATH Defendants